UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-P718-H

TYRONE DUNCAN                                                                    PLAINTIFF

v.

LOUISVILLE METRO DEPARTMENT OF CORRECTIONS *et al.*          DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Tyrone Duncan filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will dismiss the action.

## I.

Plaintiff lists himself as a pretrial detainee at "CCC"[1] in Louisville, Kentucky. In the caption, Plaintiff lists Defendants as Louisville Metro Department of Corrections (LMDC) and "Canteen Kitchen Services." In the section of the complaint form where Defendants are to be listed, he lists only "Correctional Canteen Services" as Defendant and identifies it as employed by LMDC. The Court will construe the complaint as brought against all three Defendants. As his statement of the claim, Plaintiff states:

> On 07-2-13, I went to court and missed lunch, coming back to CCC I received a warm bologna sandwich, that night my stomach were in pain. So Officer Cooper called the Doctor about my stomach. The Doctor never came. On 07-3-13 I asked to speak to the Doctor again. The Doctor gave me some medical call Prilosec. Food pioson 07-2-13. Plus, over 10 years ago, I was diagnosed with food poisoning and it is a pain and process that I will never forgot. that why I know that I was having the same symptoms that day.

As relief, he seeks compensatory damages.

---

[1]The Court presumes that this is the Community Correctional Center.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*,

610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Eighth Amendment's Cruel and Unusual Punishments Clause[2] places restraints on prison officials, directing that they "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). Prison officials "must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Id*. However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). A viable Eighth/Fourteenth Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.

---

[2]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Plaintiff states that he is a pretrial detainee. For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Therefore, the Court will review Plaintiff's claims to determine whether he has properly alleged violations of the Fourteenth Amendment.

3

1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03.

"A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2010). *See also Smith v. Younger*, No. 98-5482, 1999 U.S. App. LEXIS 20168, at *2 (6th Cir. Aug. 9, 1999) (holding that the presence of a worm in the plaintiff's food failed to state a conditions of confinement claim); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (same); *Tucker v. Metts*, No. 2:10-1316, 2011 U.S. Dist. LEXIS 30248, at *4 (D.S.C. Feb. 17, 2011) ("[T]he law is clear that a single incidence of unintended food poisoning is not a constitutional violation."); *Beene v. Rasseki*, No. 3:10-0285, 2010 U.S. Dist. LEXIS 52379, at *5, *20 (M.D. Tenn. May 27, 2010) (prisoner's claim that he was served spoiled milk not sufficient to state Eighth Amendment claim).

In the instant case, accepting the allegations as true, the complaint alleges a one-time incidence of food poisoning. As such, it is insufficient to state a deliberate-indifference claim under the Eighth/Fourteenth Amendment.

Furthermore, Plaintiff lists as Defendants LMDC, "Canteen Kitchen Services," and "Correctional Canteen Services." LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Louisville Metro Government that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Plaintiff does not allege whether "Canteen Kitchen Services" and/or "Correctional Canteen Services" are departments within LMDC or are private entities[3] which contracted with LMDC to provide meals to inmates. If they are departments within LMDC, the claims against them are construed as brought against Louisville Metro Government. *Marbry v. Corr. Med. Servs.*, 2000 U.S. App. LEXIS 28072, at *2. If they are private entities which contracted with LMDC to provide meals to inmates, the same analysis that applies to a municipality applies to such an entity. *See Street v. Corr. Corp. of Am.*, 102 F.3d at 818 ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). Therefore, Plaintiff must show a direct causal link between a policy or custom of the private entity and the alleged constitutional deprivation. *Id.*

In the complaint, Plaintiff does not allege that a policy or custom of Louisville Metro Government or of either "Canteen Kitchen Services" or "Correctional Canteen Services" caused his alleged harm. Plaintiff's complaint appears to allege an isolated occurrence affecting only him. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As such, the complaint fails to establish a basis of liability against Louisville Metro Government, "Canteen Kitchen Services," or "Correctional Canteen Services" and fails to state a cognizable § 1983 claim.

Because Plaintiff sues no medical personnel, the Court does not consider the complaint as alleging any claims concerning Plaintiff's medical care. The Court notes that Plaintiff did

---

[3]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

receive medical treatment and he alleges no serious or long-term injury as a result of the alleged food poisoning.

## IV.

For the reasons stated above, the Court will enter a separate Order dismissing the action.

Date:

cc: Plaintiff, *pro se*
4412.010